IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 4991 |
| | ) | |
| TELLABS, INC., | ) | |
| TELLABS OPERATIONS, INC., and | ) | |
| TELLABS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING TELLABS' MOTION TO DISMISS THE 4991 ACTION AND
GRANTING FUJITSU LIMITED'S CROSS-MOTION TO CONSOLIDATE THE
4991 ACTION WITH THE 4530/3229 ACTIONS

JAMES F. HOLDERMAN, District Judge:

For the reasons set forth in the Statement section of this Order, Tellabs' "Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)" (Dkt. No. 36) is denied and Fujitsu Limited's "Cross-Motion to Consolidate the 4991 Action with the 4530/3229 Actions" (Dkt. Nos. 43, 44) is granted. Pursuant to Federal Rule of Civil Procedure 42(a), the court finds that common questions of law or fact with respect to the '737 Patent require the consolidation of case number 13 C 4991 and case number 09 C 4530 for all purposes. All matters related to either the '737 Patent or case number 13 C 4991 shall henceforth be filed in case number 09 C 4530. These consolidated cases remain set for trial on the '737 Patent on 2/24/14 with all pre-trial dates as set forth in the scheduling order entered by this court on 6/7/13 [Case No. 09 C 4530, Dkt. Nos. 1090; 1108]. The court appreciates the parties' counsels' efforts to keep the set schedule, but will consider adjustments, if requested and necessary, at the next status hearing in these consolidated cases on 10/10/13 at 9:00 a.m. The parties are once again encouraged to discuss settlement.

Statement

This case and related case numbers 09 C 4530 (the "4530 Action") and 12 C 3229 (the "3229 Action") have a long and somewhat tortured procedural history. In the pending motion to dismiss, Tellabs argues that Fujitsu Limited is barred from pursuing its infringement claims in case number 13 C 4991 (the "4991 Action") because Fujitsu Limited did not include the LIAM-E and LRAM-E modules as accused products when it filed the 3229 Action in April 2012, after the court denied Fujitsu Limited leave to file its "final" infringement contentions in the 4530 Action. (*See* Dkt. No. 37 ("Tellabs' Mem.") at 20 ("These are claims that could and should have been pursued in the previously-filed actions, as the LIAM-E and LRAM-E modules are

1

'essentially the same' as the products accused in the 3229 Action. . . . Accordingly, the doctrine of claim splitting bars Fujitsu's new claims, and the Court should dismiss Fujitsu's New 2013 Complaint with prejudice.").)

At the time the 3229 Complaint was filed, however, it was a disputed question whether the LIAM-E and LRAM-E modules were part of the 4530 Action as it pertained to the '737 Patent. (*See* 4530 Action, Dkt. No. 568 ("Tellabs' Mot. to Strike") at 4-5 and Dkt. No. 590 ("Fujitsu's Resp. to Mot. to Strike") at 4-7.) Although the court ultimately determined that "the '737 Infringement Contentions [in the 4530 Action] do not assert infringement of the '737 Patent by the LIAM-E, LRAM-E, or ELRAM-E optical amplifier modules," (4530 Action, Dkt. No. 1104 ("5/24/13 Order") at 10), Fujitsu Limited's position on this point was not frivolous or entirely unfounded at that point in the litigation. Accordingly, there was no reason for Fujitsu Limited to include the LIAM-E and LRAM-E modules in the 3229 Action at the time it was filed. Approximately three weeks after the court issued its May 24, 2013 Order, Fujitsu Limited sought leave to add the LIAM-E and LRAM-E modules to the 3229 Action. (Dkt. No. 1111.) The court finds that Fujitsu Limited acted reasonably and timely in this respect.

In light of the court's conclusion regarding these procedural considerations, the court need not reach the equitable question of whether the claims in the 4991 Action are "essentially the same" as the claims in the 3229 Action for purposes of applying the doctrine of claim splitting. Tellabs has not argued that it would have treated the LIAM-E and LRAM-E modules any differently than the accused products in the 3229 Action, had Fujitsu Limited included the LIAM-E and LRAM-E modules in the original 3229 Complaint, and the court can ascertain no reason to treat the two sets of accused products any differently for case management purposes in this litigation. For the reasons set forth above, Tellabs' motion to dismiss is denied and Fujitsu Limited's cross-motion to consolidate the 4991 Action with the 4530 Action is granted.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Court Judge

Date: September 11, 2013